UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEIL E. HAVLIK** | : | **DOCKET NO. 19-cv-1511** |
| **REG. # 24985-009** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Partial Motion to Dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure by the United States of America. Doc. 13. This motion comes in response to a *pro se* civil rights complaint filed pursuant to the Federal Tort Claims Act ("FTCA") by Neil E. Havlik ("plaintiff"). Plaintiff filed an Opposition to the motion. Doc. 16. The Government's motion is now ripe for review. For the reasons below, we recommend that the Partial Motion to Dismiss be **GRANTED**.

### I.
#### BACKGROUND

The plaintiff is an inmate in the custody of the Bureau of Prisons, currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. Plaintiff has filed a Complaint and an Amended Complaint which assert that this case is brought pursuant to the Federal Tort Claims Act ("FTCA"). Doc. 1, p. 1, doc. 7, p. 1. "Count 1" of the Complaint and Amended Complaint alleges that Defendant, the United States of America, was negligent in causing Plaintiff to develop multiple physical illnesses as a result of exposure to black mold that exists in Plaintiff's housing unit. "Count 2" of the Complaint and Amended Complaint claims that Defendant was negligent

in maintaining contaminated air conditioning and heating systems which forced plaintiff to inhale toxins and caused him develop COPD. "Count 3" of the Complaint and Amended Complaint sets forth the allegation that defendant negligently and "knowingly" exposed plaintiff to an unsafe environment by placing younger, violent inmates in the same housing unit and/or cell as plaintiff.

On July 16, 2020, plaintiff filed a Second Amended Complaint (doc. 17), contemporaneous with the filing of his opposition to this motion (doc. 16). In this Amended Complaint, plaintiff expounds on his failure to protect claim and adds a claim of deliberate indifference on the part of the prison staff for housing him with young and allegedly violent inmates. Doc. 17, p. 1.

## II.
## LAW & ANALYSIS

### A. *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

### B. *Count 3 - Failure to Protect*

"Count 3" of the original and amended complaints sets forth the allegation that Defendant negligently and "knowingly" exposed Plaintiff to an unsafe environment by placing younger, supposedly violent inmates in the same housing unit and/or cell as Plaintiff. In his Second Amended Complaint, Plaintiff expounds on his failure to protect claim, adding allegations of deliberate indifference on the part of the prison staff for housing him with young and violent inmates and of physical abused by these violent offenders over the years. *Id*. at pp. 1, 3.

The Prison Litigation Reform Act ("PLRA") states that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act. 42 U.S.C. §1997(e)(e). Plaintiff's Complaint and First Amended Complaint are devoid of any reference to specific physical injury caused to him as a result of being housed with alleged violent inmates. The Second Amended Complaint, filed after the Government filed the instant Partial Motion to Dismiss, makes vague and conclusory allegations that the violent offenders "shoved and struck the Plaintiff on several occasions," "over the past 2 years." Doc. 17, p. 3. Plaintiff does not plead any facts identifying a specific incident or any physical injury that resulted from him sharing a housing unit and/or cell with younger violent inmates. Thus, the failure to protect claim is statutorily barred. *Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999).

The Court agrees with the Government's contention that the Plaintiff's allegation that the younger violent inmates placed in Plaintiff's cell "routinely disrupt, threaten, and continue drug abuse," does not salvage the failure to protect claim. Doc. 1, p.4, doc. 7, p.4. The applicable case law establishes that neither threats nor harassment suffice to form the basis for an Eighth

Amendment failure to protect claim. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

Therefore, Plaintiff fails to state a claim for which relief can be granted with respect to failure to protect, and this count of his Complaint should be dismissed.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Partial Motion to Dismiss (doc. 13) be **GRANTED** and that count three of plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 18th day of September, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE